# SUPERIOR COURT OF BALTI-MORE CITY

Filed November 23, 1888.

FAWCUS VS. RAUSCHENBERG.

*John H. Thomas* for plaintiff.
*Archibald Stirling, Jr.,* for defendant.

HARLAN, C. J.—

This case was decided for the plaintiff, in whose brief the following points were made:

1. Charles Tully & Co. appeared on the register of different steamers as "managing owners," and were know as such to Dresel, Rauschenberg & Co. The term implies that there were at least other owners of those steamers, and that Chas. Tully & Co. were merely their agents. Each steamer belonged to a different set of owners. The owners of each steamer were entitled to her earnings and responsible for her debts. The agents had no power or right to apply the earnings of one steamer to pay the debts of another.

2. It is a universal principle that the powers of an agent must be used for the benefit of his principal only. They cannot be used for the benefit of the agent or that of other parties.

3. Persons dealing with an agent are bound to know the limitations of his powers, especially those arising from the above stated principle.

4. Dresel, Rauschenberg & Co, had advanced money to Charles Tully & Co. for the use of the "Lord Eslington," to be paid out of her freights. They drew on Charles Tully & Co. a draft, which the latter accepted, stating that the proceeds were for the above mentioned purpose, and that the draft was to be paid by the above mentioned freights. It was specially endorsed to W. B. Tully for the owners of the "Lord Eslington." After it came back protested Charles Tully & Co. wrote to Dresel, Rauschenberg & Co., authorizing them to collect the freight of the "Lord Warwick," and apply it to their own purposes. All of the parties knew, the papers show on their face, that it was an attempt by the plaintiffs' agents to apply the plaintiffs' money to the payment of the agents' own debt, due to Dresel, Rauschenberg & Co., for which the plaintiffs were in no way responsible, and from which they had derived no benefit whatever. Dresel, Rauschenberg & Co., as well as Charles Tully & Co., knew that it was an attempt to appropriate to their own purposes the money of principals for whom both firms were acting as agents. The law will not effectuate such an attempt. The freight belongs now to the plaintiffs, who were owners of the "Lord Warwick" when it was earned, as it did when it was collected by defendants' firm.

5. The owners of the fund are entitled to recover it from Dresel, Rauschenberg & Co., although the latter did not know when they received it to whom it belonged.

6. The fact that other ship brokers were in the habit of depositing in the same bank account moneys belonging to different principals, and of using, for their own convenience, the credits of one principal to pay the debts of another, do not affect the right of the principals to recover their own money from anyone who has received it. The testimony of the ship brokers as to what they would have done, or what they thought right, under the circumstances, is inadmissible. The question is not as to the right of Dresel, Rauschenberg & Co. to *receive* the freight of the "Lord Warwick," but their right to retain it for their own use, instead of remitting it to the owners. A managing owner has no power to assign freights to pay for advances made to or by him.

8. Claims against one part owner of a vessel cannot be set off, at law or in equity, against claims of all the owners of such vessel.